United States District Court
Southern District of New York
------------------------------------------------x
                                                :
Christopher Dagher, by next friend
Elias F. Dagher,
                                                :
                Plaintiff,
                                                :   **VERIFIED COMPLAINT**
        - against -
                                                :
Oxford Health Plans (NY), Inc.,
                                                :
                Defendant.
                                                :
------------------------------------------------x

Plaintiff above-named, by GARETH W. STEWART, ESQ., complaining of defendant, respectfully alleges as follows:

## PARTIES

1. Plaintiff Christopher Dagher is a minor born February 12, 1999 ("Dagher M"), while Elias F. Dagher ("Dagher") is the father and next friend. Plaintiff resides in New York, and is a participant in the "Oxford Plan."

2. Upon information and belief, defendant Oxford Health Plans (NY), Inc. ("Oxford") is a group health/welfare benefits trust incorporated and doing business in New York State, with a principal office in New York County.

## JURISDICTION

3. This action is pursuant to ERISA (29 U.S.C. § 1132(a)) and narrates a complaint by Dagher M against arbitrary and capricious denial of

his membership benefits, and to clarify and enforce Dagher M's membership rights, under a health benefit plan maintained by Oxford (the "Oxford Plan"). Jurisdiction is also proper under 28 U.S.C. § 1331 (federal question).

## STATEMENT OF CLAIM

4. At the material times Dagher M was a 15-year residing with Dagher in New York State but attending a boarding school in Maine. About December 2014, it was medically recommended that Dagher M should undergo therapeutic treatment and psychiatric counseling for conditions precipitated by and/or related to the death of Dagher M's mother.

5. During December 2014, Dagher M was thus airlifted from Harbor Hospital in Maine to a medically recommended counseling facility known as *New Vision Wilderness Therapy* in Wisconsin ("New Vision").

6. Dagher M endured treatment and counseling with New Vision for 16 weeks until a March 2015 medically recommended transfer to Novitas Academy, another therapeutic facility in Emmett, Idaho specializing in assisting young boys to overcome grief stemming from the death of a parent.

7. Upon information and belief, the reasonable cost Dagher M's treatment and counseling at New Vision is covered by the Oxford Plan.

8. Upon information and belief, the reasonable cost of Dagher M's treatment and counseling billed by New Vision is $43,400.00, an amount Dagher timely and substantially paid (Dagher paid New Vision $42,723.00).

9. Promptly upon receipt of Dagher M's treatment records and related statements from New Vision, Dagher forwarded same to Oxford for reimbursement (hereinafter "Dagher's Reimbursement Request").

10. Oxford rejected Dagher's Reimbursement Request.

11. Upon information and belief, the ground on which Oxford rejected Dagher's Reimbursement Request is the conclusion that Dagher M's treatment records and statements were presented to Oxford outside of 90 or 120 days from Dagher's M's entry upon or treatment at New Vision.

12. Among other particulars, the Oxford Plan declares that "Failure to request reimbursement within the required time will not invalidate or reduce any claim if it was not reasonably possible to provide such proof within the 90-day period.  However, such request must be made as soon as reasonably possible thereafter."

13. Among other particulars, the Oxford Plan declares that "Failure to request reimbursement within the required time will not invalidate or reduce any claim if it was not reasonably possible to provide such proof within the 120-day period.  However, such request must be made as soon as reasonably possible thereafter."

14. Among other particulars, the Oxford Plan declares: "**C. Timeframe for Filing Claims.** Claims for services must be submitted to Us for payment within 120 days after You receive the services for which payment is

being requested. If it is not reasonably possible to submit a claim within the 120 day period, You must submit it as soon as reasonably possible."

15. Oxford was provided with Dagher M's treatment records and statements immediately upon Dagher's receipt of same from New Vision.

16. Upon information and belief, New Vision has tendered to Oxford a written statement highlighting the date that Dagher M's treatment records and statements were transmitted to Dagher.

17. Upon information and belief, New Vision has tendered to Oxford a written statement explaining why Dagher M's treatment records and statements were transmitted to Dagher at the time they were delivered.

18. Upon information and belief, New Vision has tendered to Oxford a written statement explaining why Dagher M's treatment records and statements were not transmitted to Dagher earlier than they were delivered.

19. Oxford's rejection of Dagher's Reimbursement Request is arbitrary and capricious and reflects bad faith, given language of the Oxford Plan recounted in ¶¶ 12-14 above.

20. Oxford's rejection of Dagher's Reimbursement Request is contrary to the language of the Oxford Plan recounted in ¶¶ 12-14 above.

21. Oxford's rejection of Dagher's Reimbursement Request is arbitrary and capricious and reflects bad faith, given the New Vision

statements explaining the transmission and delivery of Dagher M's treatment records and statements to Dagher.

22. Following Oxford's rejection of Dagher's Reimbursement Request, Dagher pursued and exhausted all administrative remedies and performed all duties and obligations on his part to be performed.

23. As a proximate result of Oxford's arbitrary and capricious and bad faith rejection of Dagher's Reimbursement Request, Dagher has suffered and sustained liquidated damages in the amount of $42,723.00.

24. As a proximate result of Oxford's deviation from the Plan language in rejecting Dagher's Reimbursement Request, Dagher has suffered and sustained liquidated damages in the amount of $42,723.00.

25. As a proximate result of Oxford's (*inter alia*) arbitrary and capricious and bad faith rejection of Dagher's Reimbursement Request, Dagher was required to incur attorney's fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Dagher is entitled to have such reasonable fees and costs reimbursed by Oxford.

WHEREFORE, plaintiff Dagher M demands judgment against defendant Oxford for $42,732.00 with interest from June 2015, reimbursement of Dagher's reasonable counsel fees incurred in the prosecution of this action, the costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 27, 2016

Respectfully submitted,

_____
GARETH W. STEWART, ESQ.
(GS 2371)
29 Broadway, Floor 21
New York, New York 10006
garethws@gwstewart.us
(212) 365-8576

Attorney for Plaintiff

## VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK)

    Elias F. Dagher, being first duly sworn, deposes and says:

1.    I am the father and next friend of Christopher Dagher, a minor of sixteen years and plaintiff in this action.

2.    I have read the foregoing complaint, and the particulars whereof are true to my own knowledge, except as to matters alleged upon information and belief, and as to those matters I believe them to be true.

_____
Elias F. Dagher

Sworn to before me this
27th day of January, 2016

_____
Notary Public

GARETH WINSTON STEWART
Notary Public, State of New York
No. 02ST6021437
Qualified in New York County
Commission Expires March 15, 20 19

- 6 -